Marder's Antique Jewelry, Inc. v Bolton (2020 NY Slip Op 00674)





Marder's Antique Jewelry, Inc. v Bolton


2020 NY Slip Op 00674


Decided on January 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


10917 152926/12

[*1] Marder's Antique Jewelry, Inc., Plaintiff-Appellant,
v
David I. Bolton, et al., Defendants-Respondents.


Andrew Lavoott Bluestone, New York, for appellant.
Voutè, Lohrfink, Magro & McAndrew, LLP, White Plains (Howard S. Jacobowitz of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered August 22, 2018, which, in this action alleging legal malpractice, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff is in the business of buying and selling jewelry and retained defendants to represent plaintiff in an effort to recover pieces of antique jewelry that it had loaned to plaintiff's principal's (Arthur Marder) cousin, who then used them as security for personal loans. Defendants demonstrated prima facie that, assuming they were negligent in delaying prosecution of the underlying case against the cousin and the lender, plaintiff is unable to demonstrate that the delay proximately caused any damages, or that but for the alleged malpractice delay it would have obtained a more favorable result (see generally Brooks v Lewin, 21 AD3d 731 [1st Dept 2005], lv denied 6 NY3d 713 [2006]). Marder acknowledged in deposition testimony that he could provide an appraisal of the pledged jewelry, even after it was sold. Plaintiff cannot demonstrate that defendants' conduct was the proximate cause of its incurring litigation costs.
In opposition, plaintiff failed to offer evidence of any nonspeculative damages that would raise a triable issue on the proximate cause element.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 30, 2020
CLERK